Jr., et al., Oral Argument, 15 minutes per side, Mr. McGee, Degree of Health. Good morning, Your Honors. May it please the Court. It's a little disheartening to have learned that not everyone was waiting for your argument. Sorry about that. That's all right. I kind of figured that was the case. And I should say good afternoon. Your Honors, this case arrives at this Court after summary judgment was granted by the District Court on the defendant's motion for summary judgment. The motion for summary judgment dealt entirely with the issue of collateral estoppel. The facts in this case, very briefly, are that Michael Bradley was a truck driver asleep in the sleeper compartment of a tractor-trailer parked on the shoulder of the interstate. He was – one of the defendants, Jack Reno, came up to the vehicle, banged on the door, couldn't get a response for a short while, finally saw Mr. Bradley come out from the sleeper compartment, opened the window, and he smelled an odor of alcohol and some other indicia of intoxication. He told Mr. Bradley to get out of the vehicle, gave him some field sobriety tests, which the trooper stated that he failed, took him down to the station, gave him a breath test, and the breath test result was a .111 blood alcohol content. He was charged – Mr. Bradley was charged with three counts of DUI, two ordinary – what we call ordinary OVIs that anybody can be charged with, and then one for commercial driver – people with commercial driver's license. The standards are entirely different for those two different types of OVIs. He was also charged with a parking violation. During the course of the criminal case, a motion to suppress was filed. The motion to suppress was directed at the issue of whether or not there was any evidence that Mr. Bradley was driving or operating the motor vehicle. The trial court determined that there was – there was no evidence that he was operating the motor vehicle, which is a term that's used under the ordinary OVIs, and suppressed those two charges and dismissed. The commercial OVI, however, the trial court determined that there was some evidence that he was driving, so we have a difference between operating and driving. Under the Ohio revised code, the commercial OVI section, driving means either driving or being in physical control of the motor vehicle, and the physical control definition – Could you infer someone was driving or had driven? You can infer when a vehicle is parked on the side of the road and there's nobody else, no other obvious way that it got there, that somebody in the past – They admit to having been driving at 50 miles away. The key, though, is that the commercial OVI statute requires, number one, not that somebody's intoxicated. Whether they're intoxicated or not is not relevant. It's whether their blood alcohol content is over .04, and the second thing that it So we have a timing issue here that's very, very important in this case. Trooper Reno – You just make the obvious inferences from this evidence. I mean, there's nothing in the wallet, you know, we make inferences every day in almost every case. Your Honor – I mean, we do it in this case. I don't think that it's reasonable to make an inference that because a person has a blood alcohol content of .111 right now, that two hours earlier they had a blood alcohol content of .04 or higher. I could stand right here and drink six beers within five minutes and blow, and I would have a zero blood alcohol content, except for perhaps what's in my mouth. You're saying that he had the beers before he – I mean, the inference is before he drove the truck to where he was. You admit that, don't you? Mr. Bradley stated during the course of the traffic stop, if you want to call it a traffic stop, that he was at a truck stop down the road, about 10, 15 miles down the road, and that he had, I think he said, two small pitchers and two beers. There's such a thing as small pitchers? Is that a bit of a euphemism? Yeah. I don't know. When I imagined him, I imagined him about this big, but other people can imagine that differently I think. And the district court always put the word small in quotes whenever it was in the decision there. So, the important point is – I'll get to the collateral estoppel issue very briefly. What would you think – I mean, just hypothetically, I can only speak for myself, but just hypothetically, I think you're right on the collateral estoppel issue, but I think you have no chance on the probable cause. Do you want to have it go back? I mean, because she already kind of said that. I mean, she didn't – well, not kind of. She did say that. She didn't – you could – I think you can argue she didn't rule. I mean, I think that's within the range of fair argument, but, you know, I guess hope springs eternal. But it doesn't – it seems you have no chance, and as I said, my first instinct is this is very hard on that issue. Your Honor, it's an excellent question. First of all, she did provide sort of an advisory opinion or an opinion that's not on the issues involved in the appeal or on the motion. Would you rule on the advisory opinion here? Well, I would ask the court not to because it has not been fully briefed. There is some discussion of that issue in the briefs only because the judge put it in the decision. So you're saying that you have additional things that you would say about the issue of probable cause were we were to remand it to district court? Yes, Your Honor. For example, as I said, the timing issue is very important. The state has no – the defendants in this case have no evidence that simply because he had .11 in the present that he had a .04 or higher in the past. Would you put in evidence? I mean, right now, you were not aware that the merits of probable cause was going to be decided by the district judge because the defendant's motion only was brought on basis of collateral estoppel. So therefore, you were not on notice to bring evidence in support of your position on probable cause there. That's correct, Your Honor. Are you telling us as an officer of the court that were we to remand this that you would put evidence in the record, whatever it is, to support your position? Your Honor, we have – well – Isn't your answer there's no more evidence but you have other arguments? We have other arguments. No. I'm not saying that – You have evidence to – Well, on summary judgment, the burden of proof is on the movement to establish that there's no issue of material fact. And in this case, I believe that there is an issue of material fact, and that is that they cannot establish and could not have established during the criminal case that Mr. Bradley's blood alcohol content was .04 at the time he was driving. He was not observed driving. They didn't have to establish that. All they had to do was have a reasonable probability. Isn't that kind of reasonable? Your Honor, I respectfully disagree. I do not think that a person, a layperson, can extrapolate back into the past over the hours and determine what a blood alcohol content was. Experts can, but I kind of agree with you. I don't think that that's subject to lay testimony, lay opinion testimony, but I would assume that they would produce an expert to say that, and I guess my question is, well, would you be able to rebut that or – Well, it's their burden of proof. If they're unable – even if the evidence should show what they want to show, were they deficient in coming up with an expert to have admissible testimony as to that, then you'd win anyway because the proofs are insufficient. Yes, Your Honor. We do make people prove their cases, even if it looks like it's not going to be a winner. It's part of our system. And to address that point, as I'm sure the Court is aware, experts can have differing opinions, and one expert might say, yes, you can extrapolate this back, giving these factors and another expert would say, no, you can't. So again, I don't think that there would be an issue of material fact on that issue. However, in this case, procedurally, I think that's very unlikely because even though the motion for summary judgment was filed very early in the case, the District Court took many, many months to make a ruling on it, and during that time, according to the case management order, lay discovery closed, expert witness discovery closed. Everything's closed now. I think we're in the dispositive motion stage. They've reserved the right to file a motion for summary judgment on issues other than collateral estoppel, and the Court allowed that in a prior order, and then scheduled for trial. They have no expert. So, bottom line, you'd like to win on collateral estoppel, and you'd like another shot at the probable cause back in the District Court? Yes, Your Honor. There's also several other issues that I think they plan on addressing in a subsequent motion for summary judgment, such as qualified immunity. I think that the Court made a very brief mention of qualified immunity, and I'm not intending to bring that up with the Court if it doesn't want to address it. But none of that was briefed because the only issue on the motion for summary judgment was collateral estoppel. Why don't we talk a little to the other side about the collateral estoppel issue, and we'll give you plenty of rebuttal if you need it. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court. Petitioner Bradley's false arrest claim is procedurally barred by collateral estoppel because he had a full and fair litigation of the issue of probable cause in his state criminal case. Even though he had no opportunity to appeal? It's not so much, and the United States Supreme Court has said in Standefer v. United States that collateral estoppel, a predicate of that, is not the opportunity to appeal. It's more about having underlying confidence in the original action that they substantially got it correct. Isn't that a pretty serious factor in that case, the restatement judgments to Section 28, whether the order was appealable? If your point is it's not always outcome dispositive in every single case, you're right, but I thought it was a pretty important feature of when it applies. Some circuits have found that, however, this circuit... You started Standefer. That's the U.S. Supreme Court. You mentioned that to start. Doesn't it say it's an important factor? It does, but it says it's not a predicate necessarily for collateral estoppel to apply. You're saying that the law is that there has to be a full and fair opportunity to litigate the issue in the particular court where estoppel is being raised. That's what you're saying? Absolutely, Your Honor. To speak to that, this circuit back 25 years ago in Coogan v. City of Wixson said that exact thing. It was dealing with a case where there was... Talked about... Pardon me. First, let me say that yes, Ohio does not permit an interlocutory appeal, but that does not mean that that issue could never be fully and fairly litigated. What I was getting to is in Coogan, the court said where the state affords an accused the right to litigate the issue of probable cause, and the accused does so. Any finding of probable cause is later barred to re-litigate that issue in a 1983 action. That's... So Coogan's applying Michigan law? Coogan does apply Michigan law, however... We have Ohio law, okay? Keep going. However, there are other states in this circuit that have cited to that general proposition  For instance, Smith v. Thornburg, that's a Tennessee case from 1998. That involved a preliminary hearing where the court, I guess it would be the equivalent for me. In Ohio, we have municipal courts, misdemeanor courts. That judge had a hearing, decided that there was enough probable cause to take it to the grand jury. So that case was presented to the grand jury. It came back a no bill. In that situation, there's no opportunity to appeal that decision from the no bill. Similar to an acquittal, however, in Thornburg, the court upheld that collateral estoppel and said that the issue of probable cause had already been fully and fairly litigated. Do those cases acknowledge this norm that's reflected in the restatements, I think in Standifer, that yes, the test is full and fair opportunity, but usually a pretty significant indicator of full and fair opportunity sufficient for collateral estoppel is whether there was a right to appeal the first judgment. I'm not certain if that came up in Thornburg, but I do know in Lomas v. Tennessee, in that case there was a footnote that this circuit actually recognized that, said that there were other circuits that believed a quintessential part of having a full and fair opportunity to litigate included having that right to appeal. Does it mean if your brother here is correct that in every case in which the initial arrest, you have to look into probable cause for arrest, is made, the finding of probable cause is that the person who was arrested wins by having a finding, finally, of innocence. In every such case there is no probable cause and we would be in the position of litigating every case on the probable cause question without any conclusion that would, you could say, where probable cause was found by the lower court. Is that what this would mean, or what? I think, well, for clarity. You followed my question, I guess. I'm sorry? Did you follow my question? Well, I thought. It's a helpful question. Yes, and I think that my answer to you would be that, and I don't know if it's directly on point, but this does not foreclose any and all opportunity to re-litigate the issue for somebody who received an acquittal when certain circumstances have to apply. That full and fair opportunity to litigate has to be more than a mere formality. For example, in the state of Ohio, there's administrative licenses. It means a real full and fair opportunity. Exactly. Not just something swift, more than five minutes, allowing people to bring witnesses, arguments, cross-examine, that kind of thing, which is exactly what happened here. I took Judge Meyer to be saying something else, but maybe I misunderstood him. I thought the idea, I'll just ask the question myself, is that if we rule for the other side on this issue, it could have really serious consequences for counties and cities and so on. You have one of these probable cause rulings in state court, for example, and if there's an acquittal after that, you start all over again in the 1983 federal court action. Absolutely. That's my question. I'm sorry. I mean, it requires acquittals, so that's not every case, and it requires a 1983 action, but that would be the effect. Correct. And although... Well, would it be the effect that there would be evidence of probable cause? I think you could bring in the record of the state court proceedings, but it wouldn't be conclusive. Oh, you'd have to relitigate it, though. Well, but you'd probably have a rebuttable presumption that, I mean, I don't know, but it seems like you would bring in the evidence that there has been a probable cause determination, but the issue is whether that is conclusive or not, because there was no right to appeal. Well, I think just the mere fact that, as your brother judge has explained, you'd have to fully, I think, relitigate the issue, start from square one, and that creates potential inconsistent judgments. That kind of flies in the face a little bit of full-on... But you would have a... Let's just say you do have to put all this evidence in, but it is a hard case to win if you have... You would be able to put in the fact that the state officials did think this. This is what they did, and then there's a state court judge that blessed that view. Yes, it's not conclusive, because it wasn't appealed, and it couldn't be appealed, but that usually is a pretty relevant indicator, so... I would think that'd be quite a lot of weight to the... The jury would give that quite a lot of weight on whether the officers acted reasonably when you have a state court that ruled that they did. I mean, I... Right. But I think just for the sake of looking at what the law says in a full and fair opportunity, I don't even think we would need to get there, because if you look at what the state court did below, what procedures it took to make sure that this probable cause was sound, valid, was without misrepresentation, false statements from law enforcement, I think that that's... Does collateral estoppel apply in other contexts where there's no right to appeal? I mean, say it's a civil context, or, I mean, something that's not criminal and not probable cause, but would it apply when there's no appeal? I don't think it would, would it? I'm not sure of the answer to that question. And that's the doctrine you're using, though. Yes, I'm using collateral estoppel. But... I don't think that collateral estoppel fully applies in the criminal context, does it? I mean, I haven't looked it up, but I have some memory from the past that, you know, collateral estoppel is primarily a doctrine we use in civil cases, and whether it has full application in criminal cases, have you looked that up? Do you know? No, I have not, Your Honor. May not fully apply in criminal cases, I don't know. But here, in this situation, I think, you know, taking, I understand, again, the law of Coogan v. City of Wixom, it was based in Michigan law, but there have been other states in the Sixth Circuit that have cited to that general proposition. What would your client's position be if this was a little different? So what had happened was you'd lost the probable cause determination in the trial, state trial criminal proceeding. So you lose it. They keep the evidence out. The defendant's acquitted. You're stuck. You can't appeal. So you didn't get your right to appeal. Now we have the 1983 action, and the defendant, now a plaintiff, says, hey, Exhibit A here is I got a collateral estoppel issue of finding by the trial judge that they violated the Fourth Amendment. Would your position be, I guess so, darn, hadn't thought about that. I believe that, from what I've read, I think that mutuality of collateral estoppel is a thing of the past. I think it's starting to only be applied to Are you telling me the same rule wouldn't apply in both directions? I'm just, from what I've read, and not necessarily I'm saying in this circuit, but I'm saying in other circuits I've seen, you're talking about a mutuality of it. I'm just taking this, forget that term, all right? I know what you're talking about, but forget it for now. For now, yes. I would have to. So you and the district court invoked collateral estoppel based on a state court ruling in a state court case. You say there's nothing to do here. In fact, I think you're suggesting it's almost jurisdictional. There's nothing to do because we have that other ruling. And I'm just asking, would the same principle apply in reverse? Could this plaintiff, had you lost in state court on probable cause, have said, hey, this is over. I win on prong one of the 1983 case. This is a violation because the state court said so. If he is suing the individual prosecutor, I think there's an argument that collateral estoppel would apply absolutely. Might be different, though, if you're suing a law enforcement officer because there might be some party privity. There's an argument to be made that they were not a party because they're not, even though they're arresting. I would just say it's the same officer. The officer is the one who thought there was probable cause. District court says, sorry, no, there wasn't. Keeps the evidence out. Same officer is sued for stopping him without probable cause. Wouldn't your theory permit them to say collateral estoppel? It should. Do you want that? I'm hoping it wouldn't be helpful, but it's about fairness. It depends on which side of the case you're on in the next case, right? No matter to that. If I could just speak for a few moments about just the probable cause here. I think that this court is within its realm to . . . Judge Griffin's right. It was an advisory . . . It wasn't a ruling. If you file, I'll likely grant, or even I will grant that it's not a ruling. Correct. However, at each stage of the pleadings, the petitioner has opened the door. He has . . . Wait a minute. Your brief, page 16, Brady's second ground for relief was not properly before the district court for decision, and thus is not properly before this court. I mean, you concede that it's not proper, the merits of probable cause. That's the end of it, isn't it? Well, I was just addressing your question to opposing counsel. You said, would we be able to review this and decide this on the merits anyway, or do we have to send it back? That recognition in the brief was simply to recognize that I knew what the district court's order was with the original summary judgment motion. She wanted to keep it within the confines of collateral estoppel, yet opposing counsel in his response to summary judgment began a merits discussion to which we've responded, and that seems to be the continuing trend. We've also done that in our briefs. Well, continuing trend or not, you concede that the issue is not before this court. That's what your brief says. I mean, are you changing your position today, or . . . No, I mean . . . I mean, you're not arguing waiver or anything. I mean, you say it's not before the court, so you agree with them that if we do not agree with you on collateral estoppel, that the case should be reversed and remanded so you could bring your second motion for summary judgment based upon the merits of probable cause. Is that right? No. That I don't agree with because there's nothing left. I mean, discovery's been closed. There's nothing . . . Well, wait a minute. We don't decide issues that are not before us, do we? I mean . . . Probably, you don't make a practice of it, no. Okay. Well, I'm not really wanting to start right now either. Okay. I mean, if the issue's concededly not before us, I think that's the only . . . I mean, we're limited to cases and controversies. We have a limited jurisdiction here, and we don't have the power to render advisory opinions, do we? No. Okay. Okay. Well, I think we've heard your arguments, so thanks so much. I don't know, Mr. McKee, if you have anything else you want to say or . . . Ron, I just have maybe two points to address some questions that the court gave to opposing counsel. I think Judge Merritt's question was basically asking if the floodgates are going to be open to relitigating probable cause every time there's a defendant who's acquitted in a criminal case. I think that was the import of your question. I would answer that, no, it will not, because there are plenty of cases where there is probable cause for an arrest, but not sufficient evidence is presented at trial to get a conviction. And there's a big difference between probable cause and beyond a reasonable doubt. This is not one of those cases. This is a case where there was not sufficient probable cause. So each case needs to be analyzed on its own merits to determine whether or not there was of a citizen's procedural due process rights in order to be able to bring civil rights action under Section 1983 and not have it barred by collateral estoppel is to have a full, a final judgment in the prior case if it's going to come in, if it's going to be used as defensive collateral estoppel like the defendants intend here to prevent us from relitigating the issue. Is there even a thorough research job on whether the full doctrine of collateral estoppel applies in criminal cases? Your Honor, we actually addressed that in our brief. Ohio courts, well, first of all, federal courts are supposed to apply the law of collateral estoppel that applies in the jurisdiction where the original case came from. What does Ohio say about this? Ohio says that collateral estoppel is disfavored from a criminal case using it in a civil case, it is disfavored. We have the citations in our brief and as a matter of fact, Ohio Revised Code, Ohio Revised Code Section 2505.02.83 states that a decision on a motion to suppress is not a final issue. So Ohio and Ohio courts have said we're not going to use collateral estoppel in that circumstance. All of the cases that are cited in the defendant's briefs in this court arise out of Michigan law. Tennessee too, right? Well, there's one that arises out of Tennessee, but I found, well, the Prokos case, which is a primary case that the defendants rely on and which the magistrate relied on in the memorandum decision, is a federal case out of Ohio, but relies on the Coogan case, which the defendants cite, which is out of Michigan, and also relies on Hinchman v. Moore, 2002, Michigan, Darragh v. City Vote Park, Michigan. I'm amazed that in this federal case, rising under federal law, we're going to have no uniformity throughout the United States. We're going to apply the doctrine of 50 different states to the question? I mean, it's stupid. Well, Your Honor, I'm just telling you what the law is. Tell me what you think the law is. You're going to blame us for writing it. You didn't write it. Yeah, fair enough. Well, I think we have your arguments down, so thanks to both of you for your written briefs and oral arguments, and we'll work through the case. It will be submitted, and the clerk may adjourn court.